JAMES H. STRICKLAND, adm'r, &c., plaintiff in error, vs. Jo-
SEPH E. DENT, defendant in error.

[1.] A person who sells land, receives notes for the purchase money, and gives a bond
to make a title when the money is paid ; on the death of the purchaser insolvent, is
entitled to have the land sold and the proceeds applied to the payment of his debt,
and the excess alone can be claimed by the creditors.

[2.] The vendor, in such case, cannot claim a ratable proportion of his debt estima-
ted at the full amount, from the general assets of the estate, and then claim the
land, as not having been paid for. The debt of which he has a right to claim a
ratable payment, is the balance remaining after crediting the amount for which
the land may have been sold.

Equity, from Heard county. Decided by Judge HAM-
MOND, August Term, 1857.

This bill was filed by James H. Strickland, as administra-
tor of Solomon T. Strickland, deceased, against Joseph E.
Dent. The bill states that the intestate contracted with the
defendant, Joseph E. Dent, for the purchase of a house and
lots in the town of Franklin, for $1,000, and took the defend-
ant Dent's bond for titles. That his intestate gave Dent
two promissory notes in payment far said house and lots, one
of said notes payable 25th day of December, 1855, and the
other the 25th day of December, 1856, and that action had
been brought on the notes. · That the intestate, Solomon T.
Strickland, died insolvent, on the 11th of October, 1855, out
of the State of Georgia, and that complainant was duly ap-
pointed his administrator, and returned an inventory of the
property of the deceased to the Court of Ordinary, except
certain property specified. That the complainant held the
bond of Dent for title to the house and lots; that no part of
the purchase money for the same had been paid, and that the
estate of the intestate was insufficient to pay to Dent the
whole amount of his notes for the purchase money, and other
debts of equal dignity, and that Dent refused to make titles
to the house and lots until the whole of the purchase money
had been paid. That complainant had collected all the debts

of the intestate, with certain exceptions set out in the bill; that many creditors of the intestate had given to complainant statements of debts and claims; and that some creditors of the deceased, to-wit: Smith & Wood, Rollins & Hall, T. M. Jones, and McMillan & Harvey, had obtained judgments in attachment against the property of the intestate, in the Justices Court of the 788th district, in said county of Heard, after the death of the deceased, and before any administration was taken out on his estate. That certain other creditors had brought their actions against the intestate's estate, which were then pending; that in consequence of the great number of the debts, and the inability of complainant to determine, (without discovery from the creditors,) how to rank such debts, complainant could not safely pay the debts without the direction of a Court of Equity. That the said defendant Dent insisted that the two notes given him by intestate, in payment of the house and lots, should be paid equally with the other notes due from the estate. Complainant, therefore, prayed that the creditors of the intestate might be decreed to make a discovery of their claims; that the contract between the intestate and the defendant Dent might be rescinded, and Dent ordered to deliver up to complainant the notes for the purchase money for the said house and lots, and that the complainant might be ordered to deliver up the bond for titles to the same to the said defendant, or that the said house and lots might be decreed to be sold, and the proceeds of the sale of the same paid out to the creditors of the deceased, according to equity and justice, and the decree of the Court; that complainant might, by the decree of the Court, be directed and advised how to pay out the assets of the estate; and that a writ of injunction might issue, restraining creditors who have commenced their suits against complainant, as administrator, from further prosecution of the same, and those creditors who had not commenced suits on their claims, from doing the same, till the final hearing of the cause. There is a prayer for general relief.

To all of this bill the defendant, Joseph E. Dent, filed a demurrer, except to so much as appertained to marshaling assets, and to a sale of the house and lots by said defendant to complainant's intestate, and the relief prayed therein on the ground that there was no equity in complainant's bill to authorize the particular relief prayed for against said defendant, or any other relief except marshaling assets.

After argument, the Court sustained the demurrer, and dismissed for want of equity so much of complainant's bill as related to the restraint of Joseph E. Dent from proceeding to judgment on said notes.

Counsel for complainant excepted to this decision.

OLIVER, for plaintiff in error.

BUCHANAN & W., contra.

By the Court.—McDONALD, J. delivering the opinion.

[1.] There can be no question, that according to the facts alleged in this bill, there is not the slightest ground for the rescission of the contract of the sale of the house and lots by the defendant, Dent, to the complainant's intestate, at the instance of the complainant. Nor is there any equity in the prayer asking a decree of the sale of the property, and the application of the proceeds of the sale to the payment of the debts of the intestate, and to allow Dent to come in *pari passu* only, with the other creditors of the deceased. The title cannot pass from Dent until the purchase money is paid, except under such decree as a Court of Chancery ought to make in the premises.

[2.] But there are allegations in the bill which entitle the complainant to an injunction against the prosecution of the suits of Dent on the notes. The bill alleges that Dent insists

Strickland, adm'r, vs. Dent.

that the said notes due to him shall be paid equally with other notes due from the estate, and he be allowed to hold the title to the said house and lots.   There is a prayer in this bill that the Court would decree a sale of the house and lots, and that the proceeds be paid out to the creditors of the deceased, according to equity and justice, and the decree of the Court, as well as a prayer for general relief.   It is competent for the Court, under the allegations and prayers of this bill, to decree a sale of the house and lots; that the purchaser shall pay the purchase money to the said Dent, to an amount sufficient, if the property should sell for so much, to pay the principal and interest of his debt, and that Dent shall thereupon execute a title to the purchaser; and that the complainant be decreed to deliver up, thereupon, to Dent, his bond to make titles; and further, that if the house and lots should not sell for enough to pay the said notes, that Dent shall receive the money for which they were sold, and execute a title to the purchaser, and come in *pari passu* with other creditors having demands of the same dignity, for whatever balance may remain due on the said notes, after crediting the proceeds of the sale of the house and lots.   The defendant, Dent, has no right to carry his debts into judgment and come in and claim against the other creditors, a ratable proportion of the assets, according to the face of his notes.   The proceeds of the sale of the land he is entitled to, upon his notes, to an amount sufficient to pay them, to the exclusion of other creditors; but he has no right, and a Court of Equity will not allow him, to come in with his notes for the entire amount of one thousand dollars against the general assets, and then claim the house and lots, on an application to recover it on the ground that he has not been paid.   The estate is alleged to be insolvent.   But for that, he might recover the whole amount of his notes from the general assets, and then execute a deed, under the statute, to the heirs-at-law of the intestate, in discharge of his bond.

The judgment of the Court below must be reversed.   There

can be but little difficulty in administering the estate, after the sale made, and the appropriation of the money according to the principles herein stated.

Judgment reversed.